IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 9 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GARDEN CITY BOXING CLUB, INC., as Broadcast Licensee of the September 14, 2002, De La Hoya/Vargas Event, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **B-04-144** |
| 1) ALEJANDRA PALOS, Individually and d/b/a WHO'S THERE SPORTS BAR; and 2) AIDA GABRIELA AGUILAR, Individually and d/b/a WHO'S THERE SPORTS BAR, | § § § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Garden City Boxing Club, Inc. ("Plaintiff") and files this *Original Complaint* against Defendants 1) Alejandra Palos, individually and d/b/a Who's There Sports Bar; and 2) Aida Gabriela Aguilar, individually and d/b/a Who's There Sports Bar (collectively "Defendants") and in support thereof would show the court as follows:

PARTIES

1.   <u>Plaintiff</u>. Garden City Boxing Club, Inc., as Broadcast Licensee of the September 14, 2002 De La Hoya/Vargas Event, is a California corporation doing business in Texas. Plaintiff's principal office and place of business is located 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

2.   <u>Defendant Alejandra Palos</u>. Upon information and belief, Alejandra Palos ("Palos" or "Defendant") does business as, is an owner or manager of, and/or holds the liquor

license for Who's There Sports Bar. Defendant Palos may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to Defendant at 1120 E. Lyon (a/k/a Lyon Rear), Laredo, Texas 78040; or 5700 San Dario, No. 11, Laredo, Texas 78041.

3.   Defendant Aida Gabriela Aguilar. Upon information and belief, Aida Gabriela Aguilar ("Aguilar" or "Defendant") does business as and/or is an owner of Who's There Sports Bar. Defendant Aguilar may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to Defendant at 101 Cenizo Loop, Laredo, Texas 78046; 5700 San Dario, No. 11, Laredo, Texas 78041; or 3040 St. Isaac Loop, Laredo, Texas 78046.

JURISDICTION & VENUE

4.   This Court has jurisdiction over the parties in this action because Defendants' principal place of business is in Texas and for the reason that Defendants violated the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605 and the Texas Interception of Communication Act, TEX. CIV. PRAC. & REM. CODE §§ 123.001 *et seq.*, in Texas. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1367. Pursuant to 28 U.S.C. § 1391(b), venue is, in all things, proper because Defendants' place of business is in this District and for the reason that a substantial part of Plaintiff's claims arose in this District.

PRELIMINARY BACKGROUND

5.   Authorization to License Event. Plaintiff is the license company authorized to sub-license the closed-circuit telecast of the September 14, 2002, Championship boxing match between Oscar De La Hoya and Fernando Vargas, including undercard or preliminary bouts at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like

throughout Texas. The boxing match and all related bouts are collectively referred to herein as the "Event."

6. The closed-circuit broadcast of the Event was not intended for the use of the general public. In Texas, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment, if the establishment was contractually authorized to do so by Plaintiff.

7. Pursuant to its authority to sub-license the Event, Plaintiff marketed and distributed the closed-circuit rights granted to it. Plaintiff, through its agents, contracted with various establishments throughout Texas and granted to such establishments the right to broadcast the Event in exchange for a fee.

8. <u>Exhibition of the Event</u>. The transmission of the Event was electronically coded or "scrambled." In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

9. The transmission of the Event was available to Defendants to purchase for broadcast in the Establishment. Had Defendants chosen to purchase the Event, Defendants would have been authorized to receive, transmit and publish the Event in the Establishment. Defendants did not, however, contract with Plaintiff or any of its agents, to obtain the rights to broadcast the Event.

10. The establishments which contracted with Plaintiff to broadcast the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

11. On September 14, 2002, in violation of Plaintiff's rights and federal and state law, Defendants willfully intercepted and/or received the interstate communication of the Event. In the alternative, Defendants assisted in the receipt of the interstate communication of the Event.

Defendants then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within the Establishment.

12.     Defendants misappropriated Plaintiff's licensed exhibition of the Event and infringed upon Plaintiff's exclusive rights while avoiding proper payment to Plaintiff. Defendants' actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

13.     Defendants enabled the patrons within the Establishment to view the Event to which neither Defendants nor the Establishment's patrons were entitled to do.

14.     The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by Plaintiff.

15.     Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

## COUNT I

### VIOLATION OF 47 U.S.C. § 553

16.     To the extent not inconsistent, Plaintiff incorporates the allegations set forth in the above paragraphs the same as if set forth herein.

17.     The Communications Act of 1934, as amended, 47 U.S.C. § 553 ("Section 553") provides, in relevant part:

> No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

47 U.S.C. § 553(a)(1).

18. Defendants' wrongful actions in connection with the Event, as described above, violate Section 553.

19. Section 553(c)(1) provides that, "[a]ny person aggrieved by any violation of subsection (a)(1) of [§ 553] may bring a civil action in a United States district court" to recover damages as described further in Section 553(c).

20. Plaintiff is a person aggrieved by Defendants' violations of Section 553, and it is therefore authorized to institute this action against Defendants to recover damages from Defendants for Defendants' violations of Section 553 and Defendant' interference with Plaintiff's proprietary rights.

21. As a result of Defendants' wrongful acts, Plaintiff is entitled to the statutory damages provided for in Section 553.

22. Because of Defendants' wrongful actions, Plaintiff is entitled to judgment against Defendants, jointly and severally, for:

   (a) statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to Section 553(c)(3)(A)(ii);

   (b) statutory damages for willfulness in the amount of Fifty Thousand Dollars ($50,000.00), pursuant to Section 553(c)(3)(B); and

   (c) full costs, including reasonable attorney's fees, pursuant to Section 553(c)(2)(C).

## COUNT II

### VIOLATION OF 47 U.S.C. § 605

23. To the extent not inconsistent, Plaintiff incorporates the allegations set forth in the above paragraphs the same as if set forth herein.

24. The Communications Act of 1934, as amended, 47 U.S.C. § 605 ("Section 605"), provides in relevant part:

> . . . No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. . . .

47 U.S.C. § 605(a).

25. Defendants' wrongful actions in connection with the Event, as described above, violate Section 605.

26. Section 605(d)(6) provides that "any person with proprietary rights in the intercepted communication . . ." may bring a private cause of action against one who acts in violation of Section 605.

27. By virtue of its licensing authority, Plaintiff maintained proprietary rights in the intercepted communication of the Event. Therefore, Plaintiff is an aggrieved person and is entitled to recover damages from Defendants for Defendants' violations of Section 605 and Defendants' interference with Plaintiff's proprietary rights.

28. As a result of Defendants' wrongful actions, Plaintiff is entitled to the statutory damages provided for in Section 605 and Plaintiff is entitled to judgment against Defendants, jointly and severally, for:

 (a) statutory damages in the amount of Ten Thousand Dollars ($10,000.00), pursuant to Section 605(e)(3)(C)(i)(II);

 (b) statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00), pursuant to Section 605(e)(3)(C)(ii); and

 (c) full costs, including reasonable attorney's fees, pursuant to Section 605(e)(3)(B)(iii).

COUNT III

<u>VIOLATION OF TEX. CIV. PRAC. & REM. CODE CH. 123</u>

29. To the extent not inconsistent, Plaintiff incorporates the allegations set forth in the above paragraphs the same as if set forth herein.

30. Defendants' conduct violates the Interception of Communication statute, TEX. CIV. PRAC. & REM. CODE §§ 123.002(a)(1), (2) and (3). Therefore, pursuant to TEX. CIV. PRAC. & REM. CODE § 123.004, Plaintiff is entitled to judgment against Defendants, jointly and severally, for:

 (a) an injunction prohibiting a further interception, attempted interception, or divulgence or use of information obtained by an interception;

 (b) statutory damages of $10,000.00 for each occurrence;

 (c) all actual damages in excess of $10,000.00;

 (d) punitive damages in an amount determined by the court or jury; and

 (e) reasonable attorney's fees and costs.

## PRAYER

For the foregoing reasons, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendants 1) Alejandra Palos, individually and d/b/a Who's There Sports Bar; and 2) Aida Gabriela Aguilar, individually and d/b/a Who's There Sports Bar, jointly and severally, for:

(a) Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 553(c)(3)(A)(ii);

(b) Statutory damages for willfulness in the amount of Fifty Thousand Dollars ($50,000.00), pursuant to 47 U.S.C. § 553(c)(3)(B);

(c) Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

(d) Statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii);

(e) Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to TEX. CIV. PRAC. & REM. CODE § 123.004(a)(2);

(f) Permanent Injunction enjoining any future exhibition of unauthorized or unlicensed programs and any violation of 47 U.S.C. §§ 553 or 605 and TEX. CIV. PRAC. & REM. CODE Ch. 123;

(g) Full costs and expenses of this action, including reasonable attorney's fees, pursuant to 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii);

(h) Reasonable and/or reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE § 123.004(a)(5);

(i) Pre and post-judgment interest at the highest rate permitted by law; and

(j) Such other and further relief to which Plaintiff is entitled.